IN THE CIRCUIT COURT FOR PRINCE GEORGE'S COUNTY, MARYLAND

| | |
|---|---|
| **DINESH VERMA**<br>**13208 Global Street**<br>**Bowie, Maryland 20720**<br><br>    **Plaintiff**<br><br>v.<br><br>**LOWE'S COMPANIES, INC.**<br>**1000 Lowe's Boulevard**<br>**Mooresville, NC 28117**<br><br>    **Defendant.** | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)    Case No. *CAL14-22521* |

## COMPLAINT FOR DAMAGES

The Plaintiff, Dinesh Verma, by and through her undersigned counsel, of Defendant, Lowe's Companies, Inc. ("Lowe's"), states as follows:

### PARTIES:

1.    Plaintiff Dinesh Verma resides at 13208 Global Street, Bowie, Prince George's County, Maryland 20720.

2.    Defendant Lowe's is an out-of-state corporation with a principal place of business at 1000 Lowe's Boulevard, Mooresville, North Carolina 28117.

3.    Lowe's owns and operates a chain of home improvement stores across the country, including twenty-five (25) stores in the State of Maryland, at least one of which is located in Prince George's County, Maryland.

### JURISDICTION & VENUE

4.    This Court has subject matter jurisdiction in this case because the claim is an action in tort for damages in excess of Thirty Thousand Dollars ($30,000.00).  Md. Code Ann. Cts. & Jud. Proc § 4-401.

5.    This Court has personal jurisdiction over the Defendant because Defendant transacts business in the State of Maryland and caused tortious injury within the State of Maryland.  Md. Code Ann. Cts. & Jud. Proc § 6-103(b)(3).

6.    Prince George's County, Maryland is the proper venue for this action because the Defendant is a corporation with no principal place of business in the State of Maryland, and venue is therefore proper in the county where the Plaintiff resides.  Md. Code Ann. Cts. & Jud. Proc. § 6-202.

7.    This complaint is filed in a timely manner within the three (3) year statute of limitations, the cause of action having accrued on June 2, 2012.  Md. Code Ann. Cts. & Jud. Proc. § 5-101.

## COUNT I
## NEGLIGENCE: PREMISES LIABILITY

8.    On or about June 2, 2012, Mrs. Verma visited a Lowe's store located at 16301 Heritage Boulevard, Bowie, Prince George's County, Maryland.

9.    Solely as a result of the failure of Lowe's to properly maintain the condition of its flooring in the Garden Center area of the store, Mrs. Verma's foot caught in a split in the floor which caused her to trip and fall and be injured.

10.   Mrs. Verma was at the Lowe's to conduct business with Lowe's, and was therefore a business invitee.

11.   Lowe's had a duty to use reasonable and ordinary care to keep the premises safe for Mrs. Verma, a business invitee, and to protect her from injury caused by an unreasonable risk on the Lowe's premises.

12.    Lowe's breached its duty of care to Mrs. Verma by failing to exercise reasonable and ordinary care so as to observe and either repair the split in the floor or warn business invitees of the hazard; Lowe's therefore failed to use reasonable and ordinary care to keep the premises safe and protect Mrs. Verma from injury caused by an unreasonable risk on the premises;

13.    Lowe's should have reasonably expected that business invitees such as Mrs. Verma would not realize or discover the danger posed by the split in the floor because it was not large and visually conspicuous and it existed in an area where the attention of business invitees was drawn to surrounding display racks of merchandise; further, the split in the floor was of such type that it would be unlikely to have been created immediately or without warning, but was the result of a lack of routine maintenance, inspection and care.

14.    Mrs. Verma was at all times free from contributory negligence.

15.    Mrs. Verma was seen in the emergency room following this incident and eventually underwent two surgeries to correct three breaks in her wrist resulting from the trip and fall at Lowe's.  Despite these corrective surgeries, and as a result of her injuries, Mrs. Verma has a permanent deformity in her wrist, has pain in her wrist, and does not have full use of her wrist.

16.    Mrs. Verma underwent approximately five (5) months of medical treatment and physical therapy due to the injuries she sustained to her wrist from her fall on Lowe's premises.

17.    Mrs. Verma is right-handed and her ability to work has been adversely affected by this injury.  In addition, she was forced to take time off of work due to pain, surgeries, doctors' appointments, and physical therapy appointments.

18.    Mrs. Verma's ability to perform routine, daily activities has been adversely affected by her injury.

19.    Mrs. Verma's exercise routine has been disturbed as a result of her injury and she has therefore experienced collateral physical effects, such as weight gain, which are causing her other physical ailments.

20.    Solely as a result of the injuries suffered in her fall, Mrs. Verma has incurred monetary damages including Twenty-One Thousand, Four Hundred Sixty-Three Dollars ($21,463.00) in medical expenses and Thirty-Six Thousand, Four Hundred Ninety-Two Dollars and Ninety-Eight Cents ($36,492.98) in lost wages.

21.    Mrs. Verma has suffered, and probably will suffer in the future, severe pain, inconvenience and mental anguish.

22.    Mrs. Verma has suffered, and probably will suffer in the future, the deprivation of the ordinary pleasures of life and the loss of well being.

**WHEREFORE**, Plaintiff respectfully requests that this Court award Mrs. Verma Five Hundred Thousand Dollars ($500,000.00) in damages and other relief as this Court may deem appropriate.

## JURY DEMAND

The Plaintiff respectfully requests a trial by jury on her Complaint.

Respectfully submitted,

Law Offices of Anthony M. Shore, LLC


Anthony M. Shore
7415 Oak Lane
Chevy Chase, Maryland 20815
(301) 661-5222

Attorney for Plaintiff

4